UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x

|  |  |
|---|---|
| RICHARD ZLETZ, | : |
| Plaintiff, | :   07 civ 11507 (HB)(RLE) |
| – against – | : **ANSWER TO FIRST**<br>: **AMENDED COMPLAINT** |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | : |
| Defendant. | : |

----------------------------------------------------------------------- x

Defendant, First Unum Life Insurance Company ("First Unum"), which plaintiff has incorrectly sued here as Unum Life Insurance Company of America, by its attorneys, Begos Horgan & Brown LLP, for its answer to the amended complaint:

1.    Denies each allegation in paragraph 1 of the amended complaint, except admits that First Unum issued its Group Long Term Disability Insurance Policy 451509 (the "Policy") to Cadwalader, Wickersham & Taft ("Cadwalader"), by which First Unum provided disability insurance coverage to employees of Cadwalader eligible for such coverage under an employee welfare benefit plan (the "Plan") Cadwalader had established.  First Unum requests leave to refer to the Policy and to the Plan for their true and complete terms.

2.    Denies each allegation in paragraphs 2 and 3 of the amended complaint, except admits that this court has jurisdiction under ERISA and admits that venue is proper in this district.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the amended complaint.

4.      Denies each allegation in paragraph 5 of the amended complaint, except admits that First Unum is a corporation organized and existing under the laws of the State of New York, and admits that it is licensed to conduct the business of insurance in the State of New York.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the amended complaint, except admits that First Unum has treated plaintiff as if he had been covered under the Policy.

6.      Denies each allegation in paragraphs 7 and 8 of the amended complaint, except admits that ERISA governs the Plan; First Unum was the insurer of the Plan to the extent provided under the terms of the Policy; and, First Unum, as the party responsible for determining the entitlement of plaintiff and others to benefits under the Policy, was an administrator of the Plan.

7.      Denies each allegation in paragraph 9 of the amended complaint, except admits that the standard of review the court will apply is an issue for the court to determine and observes that plaintiff seems to acknowledge in paragraph 30 of his amended complaint that the "arbitrary and capricious" standard may apply.

8.      Denies each allegation in paragraphs 10 through 12 of the complaint, except requests leave to refer to the Policy and to the Plan for their true and complete terms.

### RESPONSE TO PLAINTIFF'S ALLEGATIONS REGARDING FIRST UNUM'S CLAIM DETERMINATIONS IN 1995 AND 1996

9.      Denies each allegation in paragraphs 13 through 21 of the amended complaint, except admits that, on or about March 6, 1995, plaintiff submitted a claim to First Unum under the Policy in which he claimed that he had become disabled as of April 20, 1994; the earliest date plaintiff could have been entitled to benefits (assuming an April 20, 1994 disability) was October 17, 1994

because the Policy contains a 180 day elimination period during which no benefits are payable; on or about March 10, 1995, First Unum informed plaintiff of its determination that he was not disabled within the meaning of the Policy from October 17, 1994 until December 29, 1994 because he returned to work on October 17, 1994 and continued to work until December 30, 1994; First Unum also notified plaintiff on March 10, 1995 that it would treat his claim as beginning on December 30, 1994 (with a new elimination period); and First Unum denied the claim on or about October 31, 1995, and informed plaintiff that he could administratively appeal its determinations.

10.    Denies each allegation in paragraph 22 of the amended complaint.

11.    Denies each allegation in paragraph 23(a) of the amended complaint, except admits that plaintiff administratively appealed First Unum's March 10, 1995 and October 31, 1995 determinations; First Unum, at the request of plaintiff's attorneys, performed a complete review of plaintiff's claim; and, on December 3, 1996, First Unum upheld its prior determinations.

### FIRST UNUM'S VOLUNTARY RECONSIDERATION OF PLAINTIFF'S CLAIM AT CADWALADER'S REQUEST IN 1998

12.    Denies each allegation in paragraphs 23(b) and (c) of the amended complaint, except admits that, on or about December 15, 1998, Cadwalader requested that First Unum perform another review of plaintiff's claim and, on or about August 18, 1999, First Unum adhered to its prior determinations.

13.    Denies each allegation in paragraphs 23(d), (e), (f) and (g) of the amended complaint, except admits that, on or about August 27, 1999, plaintiff requested that First Unum provide a more detailed explanation of its August 18, 1999 decision; upon further consideration, First Unum decided to investigate the claim further and it paid plaintiff $88,800 representing one year of benefits (for the

period from June 28, 1995 to June 27, 1996) on or about July 24, 2000, while it pursued its investigation; on or about November 26, 2001, First Unum paid benefits from June 28, 1996, to November 27, 2001 under reservation rights (while it continued to investigate plaintiff's claim); and First Unum, also under reservation of rights, continued to pay monthly benefits through May 30, 2002.

14.    Denies each allegation in paragraph 23(h) of the amended complaint, except admits that First Unum determined on June 3, 2002, that plaintiff was not entitled to the benefits it had paid him under reservation of rights for the period from June 28, 1995 forward, and it notified plaintiff that he could administratively appeal that determination.

15.    Denies each allegation in paragraphs 23(i),(j) and (k), except admits that, on or about January 3, 2003, plaintiff sought to administratively appeal First Unum's decision to deny benefits; and, on or about June 20, 2003, First Unum adhered to its prior determination in deciding the administrative appeal.

## FIRST UNUM'S 2005 OFFER TO REASSESS THE CLAIM DETERMINATION AND ITS DECISIONS ON REASSESSMENT

16.    Denies each allegation in paragraphs 24 through 28 of the amended complaint, except admits that, on or about January 20, 2005, First Unum, pursuant to the terms of a reassessment program it had agreed upon with its regulators, offered reassessment of certain claims it had denied after January 1, 1997; First Unum offered plaintiff the opportunity to participate in the reassessment program and plaintiff elected to participate in it; and, upon reassessment, First Unum initially adhered to its June 3, 2002, determination but ultimately paid plaintiff benefits from May 31, 2002 through November 27, 2007, plus interest on those benefits, and it continues to pay benefits to

plaintiff.  First Unum requests leave to refer to the administrative record (including records pertaining to the reassessment) for their true and complete terms.

17.     Denies each allegation in paragraph 29 of the amended complaint, in that First Unum, in the course of the reassessment, was reassessing its determination that benefits were not payable on the claim that it had paid through May 30, 2002; the determination of March 10, 1995, which First Unum had affirmed on December 3, 1996, upon administrative appeal, was rendered well before the January 1, 1997 cut-off date for decisions eligible for reassessment.

### PLAINTIFF'S TIME TO CHALLENGE THE 1995 AND 1996 DETERMINATIONS HAS LONG EXPIRED

18.     Denies each allegation in paragraph 30 of the amended complaint in that, on or about March 10, 1995, First Unum rendered its determination that plaintiff was not entitled to benefits for the period from October 17, 1994, through December 29, 1994, and that his claim was subject to a second elimination period, commencing December 30, 1994; plaintiff had an opportunity to appeal this determination and did administratively appeal it on January 5, 1996, which appeal First Unum decided on December 3, 1996; and, therefore, plaintiff's time to challenge that determination has long expired.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the amended complaint, except requests leave to refer to the administrative record.

20.     Denies each allegation in paragraph 32 of the amended complaint.

5

**RESPONSE TO PLAINTIFF'S CLAIMS FOR INTEREST FROM 1995 TO
THE TIME FIRST UNUM PAID BENEFITS IN LUMP SUMS IN 2000 AND 2001**

21.     Responding to paragraph 33 of the amended complaint, repeats each response set forth in the preceding paragraphs.

22.     Denies each allegation in paragraphs 34 through 37 of the amended complaint, and requests leave to refer to the Policy, the Plan and the administrative record for their true and complete terms.

23.     Denies each allegation in paragraph 38 of the amended complaint.

24.     Responding to paragraph 39 of the amended complaint, repeats each response set forth in the preceding paragraphs.

25.     Denies each allegation in paragraphs 40 through 42 of the amended complaint.

26.     Responding to paragraph 43 of the amended complaint, repeats each response set forth in the preceding paragraphs.

27.     Denies each allegation in paragraphs 44 through 46 of the amended complaint.

**FIRST DEFENSE**

28.     Plaintiff's claims, including, but not limited to, his claims for review of First Unum's 1995 and 1996 claim and appeal determinations and for payment of interest on benefits from 1995 to 2000 and 2001, are barred by contractual and/or statutory periods of limitation.

**SECOND DEFENSE**

29.     Plaintiff has failed to state a claim upon which relief can be granted to the extent plaintiff seeks to recover relief other than relief specifically provided for under ERISA.

6

## THIRD DEFENSE

30.     Plaintiff has alleged that he is entitled to benefits for the period from October 17, 1994 until December 30, 1994 because, so he claims, he was at work but did not bill any hours.

31.     As First Unum rendered a determination on this claim in March 1995 and adhered to that determination on administrative appeal in December 1996, the claim, as noted above, is time-barred.

32.     Even if the claim were not time-barred (and it is), plaintiff cannot recover benefits for the period from October 17, 1994 until December 30, 1994 because plaintiff was not disabled during the October to December, 1994, period in that he did not meet the requirements of the Policy as he either was (i) performing the material duties of his regular occupation; or (ii) performing at least one of the material duties of his regular occupation or of another occupation and earning more than 20% of his pre-disability earnings (as he was receiving full pay).

33.     Moreover, plaintiff's contention that he was disabled for the period from October 17, 1994 until December 30, 1994, because he did not bill hours calls into question whether plaintiff was covered under the Policy as of that time.  That is, a plan participant remains covered under the Policy only so long as the participant is working for the employer on a full-time basis and being paid regular earnings for at least a minimum of 30 hours of work per week.  In plaintiff's case, and if billable hours is the test, plaintiff's coverage lapsed because he had no billable hours between March 1993, when he allegedly returned from a leave of absence during which he worked for one of Cadwalader's clients, to June 1993, when he left on a second leave of absence to attend to an illness in his family; and between January 1994, when plaintiff returned from the second leave of absence to April 20,

1994, he only had two weeks in which he billed more than 30 hours (and 10 weeks in which he did not bill any hours at all).

## AS AND FOR A CONDITIONAL COUNTERCLAIM

34.     If, upon review of this matter, the court determines that plaintiff was not covered under the Policy, that plaintiff's entitlement to benefits was excluded or limited by reason of the Policy's pre-existing condition exclusion, or that First Unum has otherwise paid plaintiff benefits to which he is not entitled, First Unum is entitled to judgment in its favor for the amount of benefits it has overpaid plaintiff, together with such other relief as the court deems appropriate.

WHEREFORE, First Unum demands judgment: (i) dismissing plaintiff's amended complaint; (ii) in favor of First Unum on its conditional counterclaim; and, (iii) awarding First Unum its costs and disbursements, together with such other and further relief as the court deems appropriate.

Dated: Bronxville, New York
       March 13, 2008

BEGOS HORGAN & BROWN LLP


By: _____
         Patrick W. Begos (PB4372)
       Attorneys for Defendant
       7 Pondfield Road
       Bronxville, NY 10708
       (914) 961-4441

8